**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LANCING CARRIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-1347 |
| | § | |
| U.S. BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is a dispute over a home mortgage foreclosure and attempted eviction.  On March 24, 2014, the homeowner and mortgage borrower, Lancing Carrier, filed a state-court petition, seeking actual damages and a temporary restraining order.  He sued the holder of the Note and Deed of Trust, U.S. Bank N.A. ("U.S. Bank"), alleging state-law violations, including breaches of oral promises to modify the loan and to forebear from foreclosing while the loan-modification application was pending.  The defendant timely removed on the basis of diversity jurisdiction. Carrier did not move to remand.  U.S. Bank moved to dismiss the complaint.  (Docket Entry No. 4). At a hearing, the court stated that based on the pleadings; the motion to dismiss, the response; and the applicable law, it would grant the motion to dismiss with prejudice.  This memorandum and opinion explains the reasons for the ruling and, by separate order, enters final judgment.

**I.      Background**

The following background is taken from Carrier's latest pleading, his state-court petition. Carrier purchased the home in Houston, Texas on June 29, 2004.  (State-Court Petition ("Petition"), Docket Entry No. 1, Ex. A, ¶¶ 6–7).  U.S. Bank later acquired the Note and Deed of Trust.  (*Id.* ¶

8).  Carrier encountered financial difficulties that led him to discussions with U.S. Bank about possible ways to restructure the debt.  (*Id.* ¶ 9).  Carrier alleged that U.S. Bank orally offered him a loan modification.[1]  (*Id.* ¶ 10).  Carrier gathered financial documents that U.S. Bank asked for over the course of several months.  (*Id.*).  Carrier alleges that U.S. Bank representatives told him that he "was not allowed to" make any mortgage payments while the loan-modification application was being processed.  (*Id.*).

On March 4, 2014, U.S. Bank foreclosed on Carrier's home and sold it to itself "in defiance of [his] legal rights." (*Id.* ¶ 12).  Carrier claimed that U.S. Bank breached the alleged oral agreement not to foreclose on his home while the loan modification was being processed.  (*Id.* ¶¶ 13–14).  Carrier alleged that U.S. Bank's statements that it would not foreclose during that period were fraudulent.  (*Id.* ¶¶ 15–16).  Carrier also asserted a promissory-estoppel claim against U.S. Bank. (*Id.* ¶¶ 17–18).

## II.     Dismissal of the Claims Against U.S. Bank

### A.       The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  To withstand a Rule 12(b)(6) motion, a complaint must "contain enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than

---

[1] The state-court petition alleged that U.S. Bank or its "agent in fact," Bank of America, N.A., communicated with Carrier and offered the oral modification.

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 677.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.*  With respect to the fraud and fraudulent inducement claims, FED. R. CIV. P. 9(b) requires that the plaintiff "state with particularity the circumstances constituting the fraud." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing Fed. R. Civ. P. 9(b)).  "'Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.'" *Id.* (quoting *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003)).

**B.      Analysis**

### 1.      The Breach of Contract Claim

U.S. Bank moves to dismiss the contract claim arising from the alleged oral promises to modify the loan and not pursue foreclosure.  Carrier's claim fails under the statute of frauds.  Under Texas law, "[a] loan agreement in which the amount involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(b).  "Loan agreement" means "one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." TEX. BUS. & COM. CODE § 26.02(a)(2).  U.S. Bank's alleged oral promises to modify the loan and to defer foreclosure during loan modification are financial accommodations

3

subject to the statute of frauds.  The alleged oral agreements are unenforceable under the statute of frauds.

Carrier asserts promissory estoppel, but it is only a "narrow exception to the statute of frauds.'" *Miller v. CitiMortgage, Inc.*, No 3:11-cv-2786, 2013 WL 4766808, at *7 (N.D. Tex. Sept. 5, 2013) (quoting *Trammel Crow Co. v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997)).  To establish promissory estoppel, the plaintiff must establish: (1) a promise; (2) foreseeable reliance on that promise by the promissee; and (3) substantial detrimental reliance.  *See Metro. Life Ins. Co. v. Haden & Co.*, 158 F.3d 584, 584 (5th Cir. 1998).

"For promissory estoppel to create an exception to the statute of frauds, there must have been a promise to sign a written agreement that had been prepared and that would satisfy the requirement of the statute of frauds." *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 29 (Tex. App. —Houston [14th Dist.] 2005, pet. den.) (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982)); *see also Williams v. Wells Fargo Bank, N.A.*, No. 13-10233, 2014 WL 1044304 (5th Cir. Mar. 19, 2014) ("The claim that Wells Fargo said the Williamses had been approved for a modification . . . does not include an allegation that there was a modification agreement 'that had already been prepared or whose wording had been agreed upon that would satisfy the statute of frauds.'" (quoting *1001 McKinney Ltd.*, 192 S.W.3d at 29; *Southmark Corp v. Life Investors, Inc.*, 851 F.2d 763, 769 (5th Cir. 1988)).  "'A promise to prepare a written contract is not sufficient.  The defendant must have promised to sign a particular agreement which was in writing at the time.'" *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-3828, 2011 WL 6250785, at *7 (S.D. Tex. Dec. 14, 2011) (quoting *Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 736, 741 (Tex. App. –Houston [14th Dist.] 1992, writ den.)).  Because the agreement that U.S. Bank

allegedly breached was not in writing when the oral promise was made, the promissory-estoppel exception to the statute of frauds does not apply.

Carrier also asserts an estoppel-by-waiver exception to the statute of frauds.  He asserts that his claim is not that U.S. Bank orally modified the loan agreement.  "Instead, he is asserting a more limited claim that U.S. Bank cannot assert that he is in default under the original loan because it was U.S. Bank's representations that induced the default." (Docket Entry No. 7 at 1).  Carrier argues that U.S. Bank waived the right to assert the statute of frauds because it induced Carrier's default. Carrier relies on *Montalvo v. Bank of America Corp.*, 864 F. Supp. 2d 567 (W.D. Tex. 2012). Carrier's reliance on that case is misplaced.

First, in *Montalvo*, the court considered in dicta a "waiver exception" to the statute of frauds from the RESTATEMENT (SECOND) OF CONTRACTS.  *Montalvo* expressly recognized that "Texas courts do not appear to have considered, much less adopted" the estoppel-by-waiver exception. *Id.* at 584.  The *Montalvo* court invited further briefing on the theory and rejected it.  *Montalvo v. Bank of America*, No 10-cv-360, 2013 WL 870088, at *8 (W.D. Tex. Mar. 7, 2013) ("The Court now determines that the representations are also unenforceable if they are construed as a unilateral promise not to foreclose.").

Second, the Texas statute of frauds precludes Carrier's position.  The statute defines a loan agreement as any "combination [of promises, agreements, undertakings, deeds of trust or other documents or commitments] pursuant to which a financial institution . . . delays repayment of or agrees to . . . delay repayment of money," and requires those agreements to be in writing.  TEX. BUS. & COM. CODE § 26.02(a)(2).  Under Carrier's approach, any oral promise to delay repayment would waive the repayment obligation.  Carrier's "waiver exception" would swallow the rule that

to be enforceable, a financial institution's promise to delay repayment of money above the statutory amount must be in writing.

Finally, a recent Fifth Circuit case weighs against Carrier's argument.  *See Milton v. U.S. Bank Nat'l Ass'n*, No. 12-49742, 2013 WL 264561 (5th Cir. Jan. 18, 2013) ("The district court held, and we agree, that because there was no written agreement to delay foreclosure, plaintiff's breach of contract claim is barred by the statute of frauds.").  Other district courts have expressed skepticism about *Montalvo*'s musing on waiver-by-estoppel.  *See, e.g., Powell v. Bank of America, N.A.*, 4:12-cv-512, 2014 WL 229305, at *5 n.1 (S.D. Tex. Jan. 21, 2014); *Wiley v. Wells Fargo*, No. 3:11-cv-1241-B, 2012 WL 1945614, at *6 (N.D. Tex. May 30, 2012).

The oral promises Carrier alleges do not waive the statute of frauds.  Carrier's breach-of-contract claim is barred.  Neither the promissory-estoppel exception to the statute nor a waiver exception applies.  The breach-of-contract claim is dismissed.[2]  The dismissal is with prejudice because further amendment would be futile.

## 2. The Promissory-Estoppel Claim

Carrier also asserts a promissory-estoppel claim, relying on the same arguments.  "[W]hen promissory estoppel is used to enforce a promise that would be unenforceable because of the statute of frauds, the promise must be a promise to sign an already existing written agreement that would itself satisfy the requirements of the statute of frauds."  *George-Baunchand*, 2011 WL 6250785, at *8 (quotation omitted).  Carrier does not claim that U.S. Bank promised him that it would sign an

---

[2]  Carrier's breach of contract claim is dismissed on the alternative ground that he failed to perform or failed to tender performance of his obligations under the contract—his obligation to make payments on the promissory note.  Carrier does not dispute that he defaulted on the loan and did not make payments to bring the loan current.  He has not performed or tendered performance of his contract obligations and therefore cannot establish an element of the cause of action.  *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (stating that, under Texas law, an element of a breach of contract action is performance or tendered performance by the plaintiff).

existing written loan-modification agreement or foreclosure-deferral agreement.  The promissory-estoppel claim is dismissed, with prejudice, for the reasons discussed above.

### 3.    The Fraud Claim

"To state a claim of fraud by misrepresentation under Texas law, a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.,* 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex.2001)).

Fraud claims must also comply with the  Rule 9(b) pleading requirements.  Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b).  "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out."  *Shandong Yinguang Chem. Indus. Joint Stock,* 607 F.3d at 1032 (internal quotation marks omitted).  The plaintiff "must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Secs. Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 362 (5th Cir. 2004) (internal quotation marks omitted).  "Although Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Melder v. Morris,* 27 F.3d 1097, 1102 (5th Cir. 1994).  "The plaintiffs must set forth specific facts supporting an inference of fraud." *Id.*

Carrier claims that U.S. Bank or the mortgage servicers misrepresented that it would not

accept his mortgage payments while the loan was in modification status.  U.S. Bank argues that the complaint does not meet the specificity requirements of Rule 9(b).  The fraud allegation states:

> The actions committed by U.S. Bank (by and through its agent) constitute common law fraud because U.S. Bank made false and material representations to Carrier when informing Carrier that he was not allowed to make any mortgage payments while in loan modification status and that U.S. Bank would not take any action to foreclose on his Property while in loan modification status. U.S. Bank knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, U.S. Bank made these representations with the intent that Carrier act on them and Carrier relied on these representations which caused Carrier's injury.

(Petition ¶ 16).  The background section adds only the allegation that Carrier only alleged that he was offered orally to modify the loan and that he began obtaining and submitting documents.  But the complaint does not include any "who, when, and where" information about the alleged misrepresentations.  Carrier does not allege any of the type of information that was available to him in advance of discovery, such as when the alleged representations were made, where they were made, or the person to whom Carrier was speaking.  *See Shandong Yinguang Chem. Indus.*, 607 F.3d at 1032; *see also Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 767 (N.D. Tex. 2013).  The fraud claim does not meet Rule 9(b)'s heightened pleading requirements.

The court dismisses the fraud claim with prejudice because the briefing makes clear that these deficiencies cannot be cured.  Leave to amend would be futile.

## III.   Conclusion

This court grants U.S. Bank's motion to dismiss the complaint, with prejudice.  Final

8

judgment is separately entered.

SIGNED on June 20, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge